IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINBURG

SUSANNAH KARATZIAS,

        Plaintiff,

v.                                    Case No. 3:20CV132
                                          (GROH)
KRISTINA NEUMILLER,

        Defendant.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Pending before the Court is Plaintiff Susannah Karatzias' ("Plaintiff") pro se Motion [ECF No. 4] for Leave to Proceed In Forma Pauperis.[1] Because Plaintiff seeks to proceed in forma pauperis, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). The undersigned concludes that Plaintiff has filed this action in the wrong venue and therefore, recommends that Plaintiff's complaint be dismissed without prejudice.

### II.    THE COMPLAINT

On July 28, 2020, *pro se* Plaintiff, Susannah Karatzias filed a Complaint alleging one count of breach of contract over a 2017 Dodge Ram truck and alleging a second count of intentional infliction of emotional distress resulting from the breach of contract. Plaintiff asserts the following in her complaint. In September

---

[1] This motion was referred to Magistrate Judge Trumble by Order [ECF No. 6] dated August 31, 2020.

2018, the, then, married couple verbally agreed that the Defendant would finance the purchase of the 2017 Dodge Ram truck to allow Defendant to establish a credit history. The parties allegedly agreed that Plaintiff would make the loan payments and after the loan was paid off, Defendant would transfer title to Plaintiff. At some point the parties divorced but the truck was not included in the marital property decree of the court. The truck was paid off in June 2019 and the title was sent to the Plaintiff by the lender. The Plaintiff alleges that in July 2020, Defendant breached the verbal contract by failing to transfer the property and making demands that were not in their original verbal contract.

According to the Complaint, Plaintiff resides in Falling Waters, West Virginia and Defendant resides in Rowan County, North Carolina. ECF No. 1 at 1-2. The 2017 Dodge Ram truck was, and may still be, located in Clarke County, Virginia.[2] ECF No. 1 at 10, ¶ 73. It is unclear where the parties were married and then subsequently divorced. The complaint indicates that the incident giving rise to the intentional infliction of emotional distress occurred in Clarke County, Virginia in July 2020. Id.  It appears the only connection to the Northern District of West Virginia is that Plaintiff currently resides in Falling Waters, West Virginia.[3]

### III.   DISCUSSION

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in--

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; **(2)** a judicial district in which a substantial part of the

---

[2] There is nothing in the complaint indicating that the truck has ever been in West Virginia
[3] Plaintiff asserts that she lived in Florida around May 9, 2019, but learned on March 6, 2020, that "she would be moving back to Virginia", not West Virginia. ECF. 1 at 6, ¶ 42, 5, ¶ 35.

> events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In this case, although the Plaintiff resides in Berkeley County, West Virginia, within this judicial district[4], the Defendant resides in Rowan County, North Carolina. Moreover, it appears that a substantial portion of the events giving rise to the Plaintiff's claims occurred in Clarke County, Virginia.[5] Because Defendant resides in the Middle District of North Carolina and the events occurred in the Eastern District of Virginia, venue is not appropriate in this Court.

### IV.   RECOMMENDATION

For the foregoing reasons, I find that Plaintiff's Complaint was filed in the wrong venue. Accordingly, it is hereby recommended that pursuant to 28 U.S.C. §1406(a), Plaintiff's Complaint [ECF No. 1] be DISMISSED WITHOUT PREJUDICE and Plaintiff's Motion [ECF No. 4] for Leave to Proceed In Forma Pauperis be DENIED AS MOOT.

Plaintiff shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

---

[4] It is unclear how long Plaintiff has lived in Berkeley County, West Virginia but we can presume from the Complaint that she lived in Florida until March of 2020 and then sometime after moved "back to Virginia." ECF No. 1 at 6, ¶ 42,

[5] In July 2020, the truck was in Clarke County, Virginia as the Clarke County Sheriff was called to the property where the truck was located to resolve the dispute over the truck. ECF No. 1 at 10, ¶73. This incident also provided grounds for count two of the Complaint. ECF No. 1 at 13, ¶104.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 10th day of September 2020.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE